06/24/2003 16:44 2149530185 ROCHELLE ELROD HUTCH PAGE 02/02
From: To: David Elrod Date: 5/24/103 Time: 10:29:55 Page 2 of 2
FROM : NAVARRO 214 5207753 FAX NO. :2145207753 Jun. 24 2003 03:13PM P1
06/23/2003 13:09 2149630186 ROCHELLE ELROD HUTCH PAGE 02
JUN 13 2003 14:29 FR LOCKE LIDDELL & SAPP 713 223 3717 TO 12149530185 P.02/03

FILED
2003 AUG -6 PM 1:15
JIM HAMLIN
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

CAUSE NO. 03-03314-K

| | | |
|---|---|---|
| AVIA ENERGY DEVELOPMENT, LLC; AVIA DE MEXICO S. DE R.L. DE C.V.; AND JAMES C. MUSSELMAN, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | 192nd DISTRICT COURT |
| CARLOS FRANCISCO NAVARRO AND BBVA BANCOMER, S.A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO BBVA BANCOMER, | § § § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

## RULE 11 AGREEMENT

The parties to this case agree to the following:

1. "Funds" in this agreement refers to the funds currently collectively deposited with BBVA Bancomer, S.A. ("Bancomer") in the name of Avia De Mexico S DE RL DE CV in account number 0074-3773-02-0101480030 (in the amount of 2,580,880.76 U.S. dollars), account number 0074-3773-06-0134791304 (in the amount of 100,507.62 U.S. dollars), and account number 0074-3773-03-0134789725 (in the amount of 11,153.13 Mexican pesos). Bancomer and Dr. Carlos Francisco Navarro ("Dr. Navarro") hereby represent and warrant that these amounts are correct ~~as of the date of this agreement.~~ as of May 30, 2003 before any interest payment.

2. While the above case is pending, Dr. Navarro and Mr. James Musselman ("Mr. Musselman") shall not waste, spend, gift, convert, transfer, secret, disburse, loan, or encumber any part of the Funds, unless (1) Dr. Navarro and Mr. Musselman agree in writing to the expenditure, or (2) the use of the Funds is approved by this Court.

3. Dr. Navarro shall convert the funds in account number 0074-3773-03-0134789725 to U.S. dollars within ten (10) business days of the date of this agreement at the then-prevailing market exchange rate. Dr. Navarro agrees to instruct Bancomer to treat the Funds in the manner described herein.

4. Bancomer shall pay interest on the Funds at the highest prevailing rate of interest for such accounts in accordance with existing market conditions.

5. Bancomer will be nonsuited without prejudice from this lawsuit within three (3) business days after this agreement is executed by all parties.



CAUSE NO. 03-03314-K

| | | |
|---|---|---|
| AVIA ENERGY DEVELOPMENT, LLC; AVIA DE MEXICO S. DE R.L. DE C.V.; AND JAMES C. MUSSELMAN, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| vs. | § § | 192nd DISTRICT COURT |
| CARLOS FRANCISCO NAVARRO AND BBVA BANCOMER, S.A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO BBVA BANCOMER, | § § § § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

## RULE 11 AGREEMENT

The parties to this case agree to the following:

1. "Funds" in this agreement refers to the funds currently collectively deposited with BBVA Bancomer, S.A. ("Bancomer") in the name of Avia De Mexico S DE RL DE CV in account number 0074-3773-02-0101480030 (in the amount of 2,580,880.76 U.S. dollars), account number 0074-3773-06-0134791304 (in the amount of 100,507.62 U.S. dollars), and account number 0074-3773-03-0134789725 (in the amount of 11,153.13 Mexican pesos). Bancomer and Dr. Carlos Francisco Navarro ("Dr. Navarro") hereby represent and warrant that these amounts are correct ~~as of the date of this agreement.~~ as of May 30, 2003 before any interest payment.

2. While the above case is pending, Dr. Navarro and Mr. James Musselman ("Mr. Musselman") shall not waste, spend, gift, convert, transfer, secret, disburse, loan, or encumber any part of the Funds, unless (1) Dr. Navarro and Mr. Musselman agree in writing to the expenditure, or (2) the use of the Funds is approved by this Court.

3. Dr. Navarro shall convert the funds in account number 0074-3773-03-0134789725 to U.S. dollars within ten (10) business days of the date of this agreement at the then-prevailing market exchange rate. Dr. Navarro agrees to instruct Bancomer to treat the Funds in the manner described herein.

4. Bancomer shall pay interest on the Funds at the highest prevailing rate of interest for such accounts in accordance with existing market conditions.

5. Bancomer will be nonsuited without prejudice from this lawsuit within three (3) business days after this agreement is executed by all parties.

6. The parties hereto agree that by entering into this agreement, Bancomer has not waived any rights under its Special Appearance or Motion to Dismiss, currently on file in this case.

7. The parties hereto agree that none of the parties in this litigation are, by signing this agreement, (a) waiving any claims or defenses that he or it may have related to this litigation, (b) making any allegation, admission, or stipulation as to any fact relevant to this litigation (other than those facts alleged in paragraph 1 above), or (c) conceding that any other party to this litigation has meritorious claims, is owed any monies by anyone, has any interest in the Funds, or has any ownership interest in the non-natural person plaintiffs. The parties further agree that by entering into this agreement, Dr. Navarro has not waived his rights to file a motion to dismiss in this case or any other defenses he has to the claims asserted herein.

8. This Rule 11 Agreement is only for the purposes of the case pending in the 192nd District Court, Dallas County, Texas. If this case is dismissed, this Rule 11 Agreement is null and void.

**AGREED:**

_____
James C. Musselman

_____
Carlos Francisco Navarro

BBVA Bancomer

By:_____
   José Arturo Sedas Valencia

_____
Jorge Arturo Flores

6. The parties hereto agree that by entering into this agreement, Bancomer has not waived any rights under its Special Appearance or Motion to Dismiss, currently on file in this case.

7. The parties hereto agree that none of the parties in this litigation are, by signing this agreement, (a) waiving any claims or defenses that he or it may have related to this litigation, (b) making any allegation, admission, or stipulation as to any fact relevant to this litigation (other than those facts alleged in paragraph 1 above), or (c) conceding that any other party to this litigation has meritorious claims, is owed any monies by anyone, has any interest in the Funds, or has any ownership interest in the non-natural person plaintiffs. The parties further agree that by entering into this agreement, Dr. Navarro has not waived his rights to file a motion to dismiss in this case or any other defenses he has to the claims asserted herein.

8. This Rule 11 Agreement is only for the purposes of the case pending in the 192nd District Court, Dallas County, Texas. If this case is dismissed, this Rule 11 Agreement is null and void.

**AGREED:**

*/s/ James C. Musselman*
James C. Musselman

_____
Carlos Francisco Navarro

BBVA Bancomer, S.A.
By: _____
José Arturo Sedas Valencia

_____
Jorge Arturo Flores