CAUSE NO. 03-03314-K

| | | |
|---|---|---|
| AVIA ENERGY DEVELOPMENT, LLC; AVIA DE MEXICO S. DE R.L. DE C.V.; AND JAMES C. MUSSELMAN<br><br>　　Plaintiffs,<br><br>vs.<br><br>THOMAS O. HICKS and JACK D. FURST,<br><br>　　Intervenors,<br><br>vs.<br><br>CARLOS FRANCISCO NAVARRO<br><br>　　Defendant & Third-Party Plaintiff<br><br>vs.<br><br>JACK LAFIELD and JOHN HUGHETT<br><br>　　Third-Party Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br>K-192 JUDICIAL DISTRICT<br><br><br><br>DALLAS COUNTY, TEXAS |

### DEFENDANT DR. CARLOS FRANCISCO NAVARRO'S THIRD AMENDED ANSWER, AND COUNTER CLAIM AND THIRD PARTY PETITION

Defendant Dr. Carlos Francisco Navarro ("Dr. Navarro") files this Third Amended Answer to the First Amended Petition and Answer field by Plaintiff Avia Energy Development, LLC ("Avia USA"), Avia de Mexico S. de R.L. de C.V. ("Avia de Mexico) and James C. Musselman ("Musselman") (collectively "Plaintiffs"), Counterclaim and Third-Party Petition, as follows:

## I. GENERAL DENIAL

1. Subject to his motion to dismiss, Dr. Navarro generally denies each and every material allegation contained in Plaintiffs' First Amended Petition and demands that Plaintiffs prove their allegations by a preponderance of the evidence.

## II. VERIFIED DENIAL

2. Pursuant to Rule 93(1) and (2) of the Texas Rules of Civil Procedure, Dr. Navarro denies that Musselman has the authority and/or capacity to maintain a lawsuit on behalf of Avia de Mexico. As set forth in the verified Suit of Deed attached hereto as Exhibit "A", Avia de Mexico is a Mexican Limited Liability Business Association and Musselman only has one percent (1%) of the shares. Dr. Carlos Navarro further incorporates by reference his verified statements supporting his Rule 12 Motion, previously filed in this action.

## III. AFFIRMATIVE DEFENSES

1. Defendant asserts that Plaintiffs' claims are defeated in whole or in part because the Petition fails to state a claim for which relief can be granted.

2. Defendant asserts that Plaintiffs' claims are defeated in whole or in part and by the doctrines of laches, estoppel or waiver.

3. Defendant asserts that Plaintiffs' claims are defeated in whole or in part due to fraud committed by Plaintiff.

4. Defendant asserts that Plaintiffs' claims are defeated in whole or in part due to Plaintiffs' lack of standing.

5.   Defendant asserts that Plaintiff's claims for exemplary damages against Defendant is barred and/or limited by the provisions of the United States Constitution, the Texas Constitution, and Tex. Civ. Prac. & Rem. Code § 41.001, et seq.

## IV. CONCLUSION

Dr. Navarro requests this Court to dismiss this lawsuit and that Plaintiffs recover nothing by this action and that Dr. Navarro recover his costs and for such other relief in either law or equity to which he has shown himself entitled.

## COUNTERCLAIM AND THIRD-PARTY PETITION

Third-Party Plaintiff and Counter-Plaintiff Dr. Carlos Francisco Navarro ("Navarro") files this Counterclaim and Third-Party Claim against Counter-Defendant James C. Musselman ("Musselman") and Third-Party Defendants Jack Lafield ("Lafield") and John Hughett ("Hughett"), as follows:

## I. INTRODUCTION

Mussleman filed a motion for summary judgment motion asserting that certain transfers of interest in Avia USA to Dr. Navarro were invalid because provisions governing the transfer of interests in Avia USA were not followed. This Court has ruled that transactions purporting to transfer any interest in Avia USA that failed to comport with the Regulations of Avia USA were invalid, void and of no effect. Dr. Navarro paid $200,000 to Musselman for 10% of Avia USA; he paid Hughett more than $63,000 for another 20% of Avia USA; and he paid Lafield approximately $26,000 for another 20% of Avia USA. None of these transactions, however, comported with the Regulations of Avia USA because (1) Navarro never obtained prior written

approval from 66 2/3 % of the ownership interests in Avia for any of the transfers; and (2) Navarro never agreed in writing to be bound by the Regulations of Avia USA.

Navarro believed that his purchases were valid because these provisions had been waived. However, the transfers by Hughett and Lafield have been expressly declared void by this Court. Since two of the transfers have been declared void and none of the transfers comported with the Regulations of Avia USA, Navarro seeks return of the monies he paid for these transfers.

## I. DISCOVERY LEVEL

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Counter-Plaintiff and Third-Party Plaintiff Dr. Carlos Francisco Navarro is an individual residing in Dallas County, Texas. Dr. Navarro has already appeared in this action.

3. Counter-Defendant James C. Mussleman is an individual who resides Dallas County, Texas. Counter-Defendant Musselman has already appeared in this action.

4. Third-party Defendant Hughett is an individual who resides in Dallas County, Texas. Hughett can be served with citation by personal delivery of same at his place of employment located at 200 Crescent Court, Suite 1375, Dallas, Texas 75201, or where ever he may be found

5. Third-party Defendant Lafield is an individual who resides in Dallas County, Texas. Lafield can be served with citation by personal delivery of same at his place of employment located at 7597 Benedict Dr., Dallas, Texas 75214, or where ever he may be found.

6. For ease of identification, Navarro will refer to all of the Counter-Defendant and Third-party Defendants collectively as "Counter-Defendants".

### III. VENUE

7. Venue for the Counter-Plaintiff Navarro's claim is proper in Dallas County, Texas under § 15.002 of the Texas Civil Practice and Remedies Code because at least one of the Counter-Defendants reside in Dallas County, Texas.

### IV. FACTUAL ALLEGATIONS

8. In late 1998, Navarro approached Musselman about purchasing some of Musselman's interest in Avia USA. Navarro wanted to own part of the company that he was working so hard to make successful. Musselman agreed to sell Navarro ten percent (10%) of Avia USA for $200,000. On or about December 15, 1998, Navarro paid Musselman the $200,000. There was no written approval of this sale by two-thirds of the ownership interest of Avia USA as required by the Avia USA's Regulation. Moreover, there was no written approval to admit Navarro as new member by two-thirds of the ownership interest in Avia USA, which is also required by the Regulations of Avia USA. In addition, Navarro was never required to submit a written document evidencing his agreement to be bound by the Regulations of Avia USA—yet another requirement of Avia USA's Regulations. Musselman never under took these required steps, nor did he inform Navarro these steps were necessary. Musselman did, however, take Navarro's $200,000.

9. Shortly after Navarro paid Musselman $200,000 for 10% of Avia USA, Navarro approached Hughett about purchasing his 20% interest in Avia USA. Hughett agreed to sell Navarro his 20% interest in Avia USA. Hughett and Navarro entered into an agreement on

December 18, 1998, a true and correct copy of which is attached hereto as Exhibit A. At that time, Navarro made an initial payment to Hughett of $30,000. A true and correct copy of the check Navarro issued to pay Hughett is attached hereto as Exhibit B. As Navarro began to learn of difficulties that Avia USA was encountering, he and Hughett began to renegotiate the purchase price for Hughett's 20%.

10. Ultimately, Hughett and Navarro agreed that Navarro (1) should pay Hughett an additional $15,000 (in equal monthly installments of $3,000); and (2) would only pay additional monies if, within three years from the date of the modification, Avia USA achieved certain income levels. Navarro paid Hughett the initial $3,000 installment and subsequently allowed Hughett to directly make certain charges on Navarro's credit card in lieu of the $3,000 installments. Hughett, however, charged more than $30,000 to Navarro's—an amount is well in excess of the additional $12,000 Navarro agreed to pay Hughett in May 1999. In total, Navarro paid Hughett more than $63,000 for his 20 % interest in Avia. Just like the transaction with Mussleman, there was never any written approval by two-thirds of the ownership interest of Avia USA regarding Navarro's purchase, nor was Navarro required to submit a writing evidencing his agreement to be bound by Avia USA's Regulations. Indeed, like Musselman, Hughett simply took Navarro's $63,000.

11. In December 1998, Navarro also loaned money to Lafield. Lafield pledged his interest in Avia USA to secure payment of the loan. By mid 2000, however, Lafield had defaulted on his obligation and had tendered his interest in Avia USA to Navarro in lieu of payment. Like the transactions with Musselman and Hughett, there was no written approval from two-thirds of the ownership interests in Avia USA for Navarro's acquisition of Lafield's

20% interest in Avia USA and Navarro was not required to submit a writing reflecting his agreement to be bound by the Regulations of Avia USA.

12. Musselman, in a motion for summary judgment, asserted that Navarro's acquisition of Lafield's and Hughett's respective 20% interests in Avia USA were ineffective because (1) no written approval from two-thirds of the ownership interest in Avia USA was obtained for either transaction; and (2) Navarro did not agree in writing to be bound by the terms of the Avia USA Regulations.[1] Navarro asserted that he had paid Hughett more than $63,000 and Lafield more than $23,000 for their respective interests in Avia USA and that compliance with the provisions of Avia USA's Regulations had been expressly or implicitly waived.

13. On October 21, 2003, this Court agreed with Musselman's position and ordered that Navarro's acquisition of Hughett's and Lafield's respective interests in Avia USA was null, void and without effect. Because this Court has held that transfers of interests in Avia USA that do not comply with the Regulations of Avia USA are null, void and without effect, Navarro now seeks the return of the purchase price he paid to Musselman, Hughett and Lafield.

### V. CLAIMS AND CAUSES OF ACTION

#### A. Breach of Contract

14. Navarro realleges all of the allegations contained in paragraphs 1-13 above.

15. Navarro entered into respective agreements with Mussselman, Hughett and Lafield to purchase various interests in Avia USA from each of them. Navarro paid Musselman, Hughett and Lafield for certain interests in Avia USA as required by their respective agreements.

---

[1] Oddly, Musselman did not challenge his own transfer to Navarro—apparently prefering Navarro's $200,000.

Navarro believed that he owned the interests he purchased because he had paid Musselman, Hughett and Lafield.

16. Musselman, however, has asserted in this litigation that any transaction that does not comply with the Regulations of Avia USA is null and void and without effect. Although Navarro believed that compliance with Avia USA's Regulations had been waived, this Court agreed with Musselman's position and held that the transfers by Hughett and Lafield were null, void and without effect. Similarly, Musselman never obtained the written approval of two-thirds of the ownership interest in Avia USA for the sale of his interest to Navarro. Like Hughett's and Lafield's, Musselman's transfer is null, void and without effect.

17. Counter-Defendants' failure to secure the written approval of two-thirds of the ownership interest in Avia USA for their respective sales or transfers to Navarro renders the respective agreements void and ineffective and constitutes a breach of the respective agreements of sale or transfer.

18. Accordingly, Navarro sues Counter-Defendants for breaching their respective agreements of sale and seeks an amount that is in excess of the minimum jurisdictional limit of this Court.

**B.   Recession**

19. Navarro realleges all of the allegations contained in paragraphs 1-18 above.

20. Based on the Counter Defendants breach of contract, Navarro seeks to rescind the ineffective transfer of Hughett, Musselman and Lafield.

21. Navarro seeks return of the consideration he paid Counter Defendants of the ineffective transfers of their interests in Avia USA.

### C.    Fraud

22.    Navarro realleges all of the allegations contained in paragraphs 1-21 above.

23.    Counter-Defendants, collectively and individually, made false representations as to material facts concerning the sale of their respective interests in Avia USA and Navarro's ownership of those respective interests. When Counter-Defendants made the representations to Navarro regarding the sale of their respective interests in Avia USA and Navarro's ownership of those respective interests they (1) knew the representations were false; or (2) made the representations recklessly, as positive assertions, without knowledge as to the representations' truth or falsity. Counter-Defendants made the representations with the intent that Navarro act on them. Navarro relied on the representations and the representations caused Navarro injury.

24.    Specifically, Counter-Defendants each expressly represented to Navarro that their respective transfer to Navarro would be complete upon Navarro's payment. None of the Counter-Defendants ever told Navarro that it was necessary to secure the written approval of two-thirds of the ownership interest before any transfer could be made. Worse, although each of the Counter-Defendants told Navarro that he properly owned the interests he purchased, none of the Counter-Defendants ever obtained the approval to either (1) admit Navarro as a new member; or (2) transfer their respective interests in Avia USA to Navarro. Counter-Defendants did, however, take Navarro's money and told him he was the proper owner of purchased interests in Avia USA. Counter-Defendants knew that Navarro would continue to work for Avia USA—without pay or even reimbursement of expenses—if he believed he owned an interest in Avia USA. Indeed, not only did Counter-Defendants fail to prepare properly follow the Regulations of their own company, they continued to encourage Navarro to expend significant

time and energies on behalf of Avia USA. All of Counter-Defendants' representations regarding their respective sale of Avia USA were material because without these representations, Navarro would not have continued to work for Avia USA.

25. Navarro further alleges that Counter-Defendants had superior knowledge regarding their intentions with respect to the Regulations of Avia USA and that Navarro relied on Counter-Defendants' greater knowledge. Each and every one of the representations was relied on by Navarro caused him substantial injury and damage, as set forth in the proceeding paragraphs, for which Navarro now sues.

### C. Declaratory Judgment

26. Navarro incorporates all of the allegations contained in paragraphs 1-25 above.

27. Navarro seeks, under § 37.001 of the Texas Civil Practice and Remedies Code, a determination and declaration that each and every transaction that purported to transfer an interest in Avia USA that was undertaken without written approval of two-thirds of the ownership interest of Avia USA is null, void and without effect.

28. Navarro seeks a declaration that each and every transaction that purported to admit a new member to Avia USA that was undertaken without written approval of two-thirds of the ownership interest of Avia USA is null, void and without effect.

29. Under § 37.009 of the Texas Civil Practice and Remedies Code, also known as the Uniform Declaratory Judgements Act, Navarro is entitled to recover his costs and reasonable attorneys fees from Counter-Defendants and requests that he be awarded such costs and fees through trial and any appeals.

### D. Exemplary Damages—All Counter-Defendants

30. Navarro realleges all of the allegations contained in paragraphs 1-29 above.

31. Counter-Defendants' conduct was intentional and carried out with malice and an intent to deceive. Counter-Defendants' intentional conduct directly and proximately caused Navarro significant harm.

32. Accordingly, Navarro is entitled to an award of exemplary damages against each Counter-Defendant under chapter 41 of the Texas Civil Practice and Remedies Code.

### E. Attorneys Fees

33. Navarro realleges all of the allegations contained in paragraphs 1-34 above.

34. As alleged above, Counter-Defendants have each respectively breached their respective agreements for the sale of certain interests in Avia USA to Navarro.

35. As a direct consequence of their actions, Navarro has been forced to retain the attorneys identified below, prosecute this action and incur substantial attorneys fees.

36. Counter-Defendants are jointly and severally liable to Navarro for his attorneys fees under Texas Civil Practice and Remedies Code § 38.001.

### CONDITIONS PRECEDENT

37. All conditions precedent have been performed or have occurred as required by the Texas Rule of Civil Procedure 54.

### PRAYER

Navarro respectfully requests that this Court, after a full trial on the merits, enter a judgment awarding Plaintiff:

    a. full return of all consideration paid Counter-Defendants for their respective interest in Avia USA;

b. exemplary damages as authorized by chapter 41 of the Texas Civil Practice and Remedies Code;

3. all reasonable and necessary attorney's fees;

4. prejudgment and post-judgment interest as allowed by law;

5. the costs of suit; and

6. all other relief this Court deems appropriate, whether at law or in equity, general or specific.

Respectfully submitted,

ROCHELLE ♦ ELROD ♦ HUTCHESON, LLP

By: _____
David W. Elrod
State Bar No. 06591900
Brian A. Farlow
State Bar No. 00795339

500 North Akard Street
Suite 3000
Dallas, Texas 75201
(214) 953-0182
(214) 953-0185 (Fax)

**ATTORNEYS FOR DEFENDANT
DR. CARLOS FRANCISCO NAVARRO**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2003, a true and correct copy of the foregoing was served via certified mail return receipt requested, on counsel as follows:

T. Dean Malone
Michael T. O'Connor
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202

Jennifer L. Henry
Phillip N. Smith, Jr.
Lewis LeClair
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Gregory J. Casas
John H. Hempfling, II
Locke Liddell & Sapp LLP
600 Travis, Suite 3400
Houston, Texas 77002-3095

David W. Elrod/Brian A. Farlow